IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON FINIS SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-01871-K (BT) |
| | § | |
| MAYA HARRIS EVANS, et al., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSION, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* plaintiff Jason Finis Smith filed a complaint alleging civil rights claims relating to family court child support enforcement proceedings in Dallas County. *See* Compl. at (ECF No. 3); First Am. Compl. (ECF No. 12). Smith also seeks leave to proceed *in forma pauperis* (IFP). *See* Mot. (ECF No. 4). Having screened the complaint, the magistrate judge recommends that Plaintiff's complaint be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### Background

Smith has filed three cases in this District relating to the same family court proceedings since July of this year. *See Smith v. Airen*, No. 3:25-cv-3270-E-BK (filed Nov. 26, 2025); *Smith v. Evans*, No. 3:25-cv-3365-N-BN (filed Dec. 8, 2025). In this action, Smith purports to assert claims against staff of the Title IV-D family court and the "Child Support Enforcement Agency." *See* First Am. Compl.

Specifically, he claims that various actions by the family court between 2016 and 2024 ruined his relationship with his children, caused him to lose several jobs, and forced him into involuntary servitude. *See* Compl. at 4–5, 45–48, 105–09; First Am. Compl. at 2–3.

Smith asks that the Court "overturn" the underlying family court proceedings, grant him compensatory and punitive damages, and issue an injunction "to prevent future harm or compel specific actions." *Id.* at 124.

## Legal Standard

A district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks *monetary* relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## Analysis

### I. Judicial Immunity

"Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles, 502 U.S. at 11*) (citing, in turn, *Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)*). This immunity extends to others who perform judicial functions in accordance with a court directive, including court staff. *See Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001)*. There are only two circumstances under which judicial immunity can be overcome. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles, 502 U.S. at 11* (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12 (citations omitted). Allegations of bad faith or malice cannot overcome judicial immunity. *Id.*

Here, Smith's allegations show that Maya Harris Evans and Rachael Airen were performing work " 'functionally comparable' to that of a judge" by issuing orders and judgments relating to child support obligations. *See* Compl. at 4–5, 45–48; First Am. Compl. at 2–3. And Smith's complaint does not plausibly allege any circumstance overcoming judicial immunity.

Accordingly, the claims against Evans and Airen are barred by judicial immunity and should be dismissed.

3

## II.   Prosecutorial Immunity

As for Smith's claims against the "Child Support Enforcement Agency," "prosecutors . . . enjoy absolute immunity for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton,* 68 F.3d 465 (5th Cir. 1995). "[S]tate prosecutors are absolutely immune from § 1983 damages based on activities intimately associated with the judicial phase of the criminal process." *Singleton v. Cannizzato,* 2020 WL 1922377, at *3 (5th Cir. Apr. 21, 2020). "Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently." *DuBose v. Campbell,* 2024 WL 3419031, at *10 (W.D. La. June 25, 2024), *rec. accepted* 2024 WL 3417393 (W.D. La. July 15, 2024) (citing *Lope v. O' Bannon,* 824 F.3d 534, 539 (5th Cir. 2016)).

Prosecutorial immunity also applies to prosecutors in the child support division of the Texas Attorney General's Office. *See Nixon v. Abbott,* 589 F. App'x 279, 280 (5th Cir. 2015) (per curiam); *Ramirez v. Arteaga,* 2023 WL 11931496, at *2 (N.D. Tex. Dec. 1, 2023). Accordingly, Smith's claims against the "Child Support Enforcement Agency" are barred by prosecutorial immunity and should be dismissed.

## Recommendation

The Court should dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

SO RECOMMENDED.

December 17, 2025.

                                                    REBECCA RUTHERFORD
                                                   UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).